FILED

1/18/2019

Clerk, U.S. District Court
District of Montana
Helena Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL ELIJAH KANE ARKINSON, a/k/a Daniel Elijahkane Arkinson, JAMIE NICOLE MILSTEN, and MELISSA DAWN SHURTLIFF<br><br>Defendants. | CR-18-10-H-CCL<br><br><br><br>ORDER |

Before the Court is "Defendant Milsten's Rule 29(c) Motion to Set Aside the Verdict and Enter a Judgment of Acquittal" as to Counts II and III of the Indictment. (Doc. 150). The United States opposes the motion. The Court has reviewed the record in its entirety and is prepared to rule.

## PROCEDURAL HISTORY

The Grand Jury charged Defendant Milsten with conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (Count I), with robbery affecting commerce in violation of 18 U.S.C. § 1951(a) (Count II) and with possession of a firearm in furtherance of a crime of violence in violation of

18 U.S.C. § 924(c)(1)(A)(2) (Count III). Defendant Milsten was also charged in Counts II and III with aiding and abetting in violation of 18 U.S.C. § 2 and under a *Pinkerton* liability theory.

On October 3, 2018, at the close of the government's evidence, Defendant Milsten made a Rule 29 Motion for Judgment of Acquittal as to all three counts of the Indictment, which was denied. Defendant Milsten renewed her motion after all the parties had rested, later that day, and the Court denied the renewed motion. On October 4, 2018, a unanimous jury found Defendant Milsten guilty of all three counts charged in the Indictment. Now before the Court is Defendant's timely-filed renewed Motion for Judgment of Acquittal as to Counts II and III of the Indictment, which is again opposed by the government.

## LEGAL STANDARD

The familiar standard for deciding a motion for acquittal, as articulated in *Jackson v. Virginia*, requires this Court to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979)(emphasis in original). In making this determination, this Court neither resolves credibility issues nor weighs the evidence, as those are questions for the jury. *United States v. Burns*, 701 F.2d 840, 842 (9th Cir. 1983).

## DISCUSSION – COUNT II

The jury convicted Defendant Milsten of Count II, robbery affecting commerce in violation of 18 U.S.C. § 1951(a). The parties submitted a joint instruction as to the essential elements of that crime and the following instruction was given to the jury:

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly obtained money or property from or in the presence of Patrick Lovett;

Second, the defendant did so by means of robbery;

Third, the defendant believed that Patrick Lovett parted with the money or property because of the robbery; and

Fourth, the robbery affected interstate commerce.

"Robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence or fear of injury, immediate or future, to his person, or to the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(Doc. 131 at 24).

Defendant Milsten argues that no reasonable fact-finder could have found her guilty of robbery because the only property taken from Patrick Lovett was $40, which was later returned to him. (Doc. 151 at 9). The return of the money does not obviate the fact that it was taken from Mr. Lovett at gunpoint. In addition to the $40, Defendant Milsten and Defendant Arkinson also took a small amount of methamphetamine and a purse belonging to Vickie Anderson. (Doc. 146 at 22). The government presented undisputed evidence that Defendant Milsten knowingly obtained money or property from or in the presence of Mr. Lovett, thus proving the first essential element of robbery as to Defendant Milsten.

Defendant Milsten also argues that there was no robbery because Mr. Lovett was not in fear of injury to himself. (Doc. 151 at 9). Although Mr. Lovett may not have feared for his own safety, he testified that another person present, Vickie, panicked when Defendant Milsten entered his home demanding money and accompanied by a man armed with a double-barrel sawed-off shotgun. (Doc. 146 at 17 - 18). Vickie testified that the male robber pointed the weapon at her and Mr. Lovett while Defendant Milsten grabbed Vickie's purse and took what meth she had. (Doc. 147 at 20). Vickie also testified that she thought at one point that she was going to be shot. (Doc. 147 at 23). Her fear was reasonable, given the presence of a weapon. When asked whether he or Vickie were threatened, Mr.

Lovett testified: "By having a gun in my face, yes, I was threatened." (Doc. 146 at 23). The government presented evidence demonstrating that Defendant Milsten's co-defendant threatened both Mr. Lovett and his companion with a gun and that Defendant Milsten took money from Mr. Lovett and methamphetamine from his companion. That evidence was sufficient to allow the jury to find that the government had proven the essential elements of robbery beyond a reasonable doubt as to Defendant Milsten.

## DISCUSSION – COUNT III

The jury convicted Defendant Milsten of Count III, which charged her with possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(2) and aiding and abetting in violation of 18 U.S.C. § 2. The parties submitted a joint instruction as to the essential elements of possession of a firearm in furtherance of a crime of violence and the Court gave the jury the following instruction:

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of robbery affecting commerce as charged in Count II of the indictment, which I instruct you is a crime of violence;

Second, the defendant knowingly possessed a firearm; and

Third, the defendant possessed the firearm in furtherance of the crime of robbery affecting commerce.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.
(Doc. 131 at 26).

Defendant Milsten argues that the Court should set aside the jury's guilty verdict as to Count III because there was no evidence that she had power or control or intended to exert power and control over either the firearm or the man who had possession and control over the firearm. (Doc. 151 at 9). The United States responds that it was not required to prove that Defendant Milsten actually controlled the firearm because the evidence supported her conviction on Count III based on a *Pinkerton* theory of liability. (Doc. 155 at 3).

The United States Supreme Court recognized in *Pinkerton v. United States* that the act of one conspirator in furtherance of a conspiracy is attributable to all conspirators and can support a conviction as to the conspiracy and the underlying substantive offense against each co-conspirator . 328 U.S. 640, 647 (1946). Defendant Milsten does not challenge her conviction on Count I, the conspiracy

charge. The government presented evidence that Defendant Milsten helped to plan the robbery and actively participated in it. She knew that her co-conspirator was armed with a sawed-off shotgun when they entered Lovett's home together. She is therefore responsible for her co-defendant's possession and use of the firearm during the robbery.

Defendant Milsten's participation in the robbery in the presence of her armed co-conspirator also supports her conviction under an aiding and abetting theory. *See United States v. Hungerford*, 465 F.3d 1113 (9th Cir. 2006). The defendant in *Hungerford* encouraged her roommate to committ a series of armed robberies in Montana in 2002. *Id.* at 1114. Hungerford was convicted of conspiracy, seven counts of robbery and seven counts of using a firearm in relation to a crime of violence. *Id.* Like the defendant in this case, Hungerford did not challenge the conspiracy conviction. *Id.* at 1116. She challenged her convictions as to four robbery counts and the four related counts of using a firearm in relation to a crime of violence. *Id.* at 1114. Although the United States Court of Appeals for the Ninth Circuit characterized Hungerford's participation in the four robberies as "minimal," *id.* at 1115, the Court affirmed the convictions based on both the *Pinkerton* and aiding and abetting theories of liability. *Id.* at 1117.

Defendant Milsten's participation in the single robbery charged in this case was more than minimal. She entered Mr. Lovett's home with an armed co-conspirator. She took Mr. Lovett's money and Vickie's methamphetamine while her co-conspirator pointed a weapon at them. The record in this case supports Defendant Milsten's conviction under an aiding and abetting theory.

Accordingly,

IT IS HEREBY ORDERED that "Defendant Milsten's Rule 29(c) Motion to Set Aside the Verdict and Enter a Judgment of Acquittal" (Doc. 150) is DENIED.

Dated this 18th day of January, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE