IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAIME NICOLE MILSTEN,<br><br>Defendant/Movant. | Cause No. CR 18-10-H-BMM<br>CV 21-39-H-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Jamie Nicole Milsten's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Milsten is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On April 6, 2018, the Grand Jury returned an Indictment charging Milsten and two co-defendants with Count I—conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); Count II—robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) and 2; and Count III—possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii). (Doc. 1.) Milsten was arrested and pled not guilty on June 12, 2018. (Doc. 42.) The Court appointed counsel. *Id.* Milsten's counsel filed no substantive pretrial motions.

Milsten and one of her co-defendants were tried to a jury on October 1-4, 2018. (The third co-defendant pled guilty prior to trial.) On the fourth day of trial, while the jury was deliberating, the foreperson sent a note to the judge with a question. Before the judge could pose the question to counsel, the jury sent another note saying it had reached a verdict. (Tr., Oct. 4, 2018, 488:4-15.)

Milsten was found guilty on all three charges of the Indictment. The jury specifically found that she brandished a firearm on Count III. (Doc. 137.) Her counsel immediately filed a Fed. R. Crim. P. 29(c) motion to set aside verdict and

enter judgment of acquittal on Counts II and III, claiming the prosecution had not sufficiently proved all of the elements of the crimes. (Doc. 150.) The motion was denied on January 18, 2019. (Doc. 160.)

A presentence report was prepared, and Milsten did not object to any of the information contained in it. At sentencing on April 9, 2019, the Court adopted the PSR without change. Milsten was sentenced to 41 months each, as to Counts I and II, concurrent, and 84 months as to Count III, to run consecutively, according to statute, for a total of 125 months, which was the low end of her advisory guideline range. (Doc. 173 at 2.) The mandatory minimum on Count III is 84 months. 18 U.S.C. § 924(c)(1)(A)(ii).

Milsten appealed this Court's denial of her motion for judgment of acquittal. Her trial counsel represented her on appeal. By memorandum of May 20, 2020, the Ninth Circuit Court of Appeals affirmed the district court. (Doc. 202.) Milsten filed a pro se petition for rehearing with the Ninth Circuit that the Court declined to review because she was represented by counsel. (Doc. 203.) The Ninth Circuit issued its mandate June 11, 2020. (Doc. 204.)

Milsten filed a pro se motion in this Court for appointment of counsel, which was denied. (Docs. 205 and 207.) She then filed a pro se petition for rehearing in the Ninth Circuit, which was also denied. The motion in the Ninth Circuit explains that her counsel had informed her on May 21, 2020, the day after service of the Memorandum, that he no longer represented her. In denying the motion, the Ninth

Circuit also sua sponte relieved Milsten's counsel and withdrew its mandate, allowing her to file a pro se petition for rehearing. (Order, Case 19-30067, Doc. 41 (July 24, 2020).)

Milsten filed a pro se petition for rehearing, which was denied on August 11, 2020. The mandate was re-issued on August 19, 2020, and Milsten's conviction became final. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). She timely filed her § 2255 motion on May 20, 2021. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Milsten raises two claims in her motion: ineffective assistance of counsel, and "Disparity of Sentence." (Doc. 217 at 15-17.)

A. Ineffective assistance of counsel.

Milsten's claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Milsten must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88; and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Milsten's ineffective claim has three parts. First, Milsten asserts that her counsel "quit" before her remedies were exhausted, specifically failing to file a

4

petition for certiorari. In particular, she contends counsel was ineffective because he did not pursue the issue that she raises in her second claim regarding her sentence, discussed below. (Doc. 217 at 15.) Milsten's second assertion regarding ineffectiveness is that her counsel failed to appear in time to discuss the jury's first note to the judge, about a hung jury, and therefore missed an opportunity. *Id.* Milsten's final allegation is that "there were multiple occasions where the credibility and motives of the witnesses should have been brought further into the spotlight." *Id.* None of these assertions passes the *Strickland* test.

First, Milsten did not have a Sixth Amendment right to counsel after the conclusion of her direct appeal. *See Austin v. United States*, 513 U.S. 5, 8 (1994) (per curiam) ("though indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, that right does not extend to forums for discretionary review") (internal citations omitted). *See also Ross v. Moffitt*, 417 U.S. 600, 619 (1974); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (reasoning that there can be no Sixth Amendment right to counsel in state post-conviction proceedings because "the right to appointed counsel [under the Sixth and Fourteenth Amendments] extends to the first appeal of right, and no further"). However, in *Wilkins v. United States*, 441 U.S. 468, 469 (1979) (per curiam), and in *Schreiner v. United States*, 404 U.S. 67, 67 (1971) (per curiam) (Douglas, J., concurring), the United States Supreme Court held that a federal statute – the Criminal Justice Act, 18 U.S.C. § 3006A – requires appointed counsel

to pursue a case through the filing of a timely petition for certiorari, provided counsel does not believe such a petition would be frivolous, *see Austin*, 513 U.S. at 8.

As the record demonstrates, however, the Ninth Circuit relieved her counsel of his representation before she filed a petition for rehearing. Further, the letter Milsten attached to her motion to the Court of Appeals shows that counsel provided Milsten with information about her procedural options, but concluded that he did not believe that "either option has any chance of being granted." (Case 19-30067, Doc. 40 at 2.) The Ninth Circuit's decision to sua sponte relieve counsel reflects the fact that Milsten no longer had a Sixth Amendment right to counsel, having entered the discretionary review phase of her case, and she no longer had a statutory right to this particular counsel. As such, counsel did not act unreasonably by not filing a petition and was not ineffective. He no longer represented her.

Second, as to the question of the note about a hung jury, Milsten's claim fails on both prongs of the *Strickland* test. No reason exists to believe that counsel was unreasonably absent, as the record reflects that the Court attempted to notify the lawyers of the existence of the note, but that it was superseded by the note announcing the verdict. (Doc. 199 at 180:8-15.) The record does not reflect that Milsten's counsel was the only absent attorney, though he may have been, and the record does not show that the District Court singled him out for reprimand or comment. Second, and more importantly, no reason exists to believe that having

arrived earlier would have in any way changed the course of Milsten's proceedings.  It is far too speculative to assume that if counsel had been there earlier, and if the other counsel had been there as well, which is not at all clear from the record, and if there had been open discussion of the definition of hung jury, that somehow Milsten would not have been convicted. The fact that the jury sent two notes in such short order demonstrates that they were not, in fact, a hung jury. Milsten's claim fails.

Milsten's final ineffective assistance claim is too vague to move forward. Without any specific instances of these issues of credibility, and how they could have been "brought further into the spotlight," there is no way to assess her counsel's performance.

B. Sentencing Disparity

Milsten's sentencing disparity claim asserts that her counsel was ineffective because there was an ambiguity in the law at the time of her sentencing and appeal that should have entitled her to a lower sentence, and her counsel failed to pursue that argument (Milsten's contention, as made, is a substantive argument that should have been raised on direct appeal. However, she poses in the alternative that the failure to raise it then is evidence of her counsel's ineffective assistance.).

Milsten alleges that there was a split among the circuits about the application of 18 U.S.C. 924(c) that was resolved by "the Davis, Johnson and Taylor cases," which found the section unconstitutional. (Doc. 217 at 16-17.) (Confusingly, the

7

*Taylor* case cited in the Ninth Circuit's memorandum in this matter differs from the *Taylor* case that Milsten wants to rely, as explained below.) Unfortunately for Milsten, the section of that statute that is problematic is not the section under which she was sentenced.

*U.S. v. Davis*, decided June 24, 2019 (and therefore well before her sentencing) concluded that the so-called "residual clause" of 18 U.S.C. §924(c)(3)(B) was unconstitutionally vague. 139 S.Ct. 2319, 2336 (2019). The District Court sentenced Milsten under §924(c)(3)(A). The statute imposes enhanced penalties for crimes committed with guns, including those that are crimes of violence or drug trafficking. §924(c)(1)(A). The analysis in *Davis* distinguished between the application of this statute to crimes where violence constitutes an element of the crime, versus crimes that fall under a catch-all clause:

> The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*United States v. Davis*, 139 S. Ct. 2319, 2324, 204 L. Ed. 2d 757 (2019).

In its memorandum addressing Milsten's appeal, the Ninth Circuit refers to its prior holding that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

Hobbs Act robbery, by definition, involves force or threat of force. 18 U.S.C. § 1951(b)(1). Therefore, it falls under the elemental clause of the statute that was not held unconstitutionally vague.

The other cases cited by Milsten also do not further her cause. Milsten's motion states that "[i]n 2020 proceedings for a 2255 motion by Taylor No. 19-7616, U.S. Court of Appeals 4th Circuit, Supreme Court reversed the district court decision and vacated Taylor's 924(c) conviction." (Doc. 217 at 17.) While slightly confusing, Milsten is referring here to the Fourth Circuit's decision in *U.S. v. Justin Taylor*, 979 F.3d 203 (4th Cir. 2020). The Fourth Circuit vacated and remanded the district court's denial of Taylor's § 2255 motion, holding that *attempted* Hobbs Act robbery was not a crime of violence that could be a predicate for § 924(c). In doing so, the Fourth Circuit reiterated its earlier holding that *commission* of a Hobbs Act robbery *is* a predicate to § 924(c):

> [W]e held that substantive Hobbs Act robbery "categorically" qualifies as a "crime of violence" under § 924(c)(3)(A) because although it may be committed simply by causing "fear of injury," doing so "necessarily 'involves the threat to use [physical] force.' " ... In other words, because the commission of Hobbs Act robbery requires, at a minimum, the "threatened use of physical force," it categorically qualifies as a "crime of violence" under § 924(c)'s force clause.

*United States v. Taylor*, 979 F.3d 203, 207–08 (4th Cir. 2020) (internal citations omitted), *cert. granted*, No. 20-1459, 2021 WL 2742792 (U.S. July 2, 2021). Because Milsten was convicted of robbery, not attempted robbery, Taylor's

9

success in his case is irrelevant to hers. The future consideration of Taylor's case at the U.S. Supreme Court will not affect her sentence.

*Johnson v. U.S.*, 559 U.S. 133 (2010), does not discuss the Hobbs Act, but rather, discusses whether the use of force is an element of a predicate crime to an Armed Career Criminal Act enhancement under 18 U.S.C. 924(e). 559 U.S., at 135 – 136. Its analysis is used in conjunction with other cases considering what is a "crime of violence," but it does nothing to further Milsten's cause. Simply put, Milsten attempts to create legal ambiguity regarding her sentence where none exists; any contention that her counsel was ineffective for failing to pursue this angle lacks merit. Counsel's choice was not unreasonable, given the state of the law in the Ninth Circuit. Had counsel pursued the issue, Milsten's outcome would have been the same.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Because this area of sentencing law continues to be in flux, the Court will issue a certificate of appealability.

Accordingly, IT IS ORDERED:

1. Milsten's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 217) is DENIED.

2. A certificate of appealability is GRANTED.

3. The clerk shall ensure that all pending motions in this case and in CV 21-39-H-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Milsten.

DATED this 25th day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court