**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE NICOLE MILSTEN,<br><br>Defendant. | **Cause No. CR 18-10-H-BMM**<br><br>**ORDER** |

## INTRODUCTION

Defendant Jamie Nicole Milsten ("Milsten") filed a motion for compassionate release on July 24, 2026. (Doc. 237.) Milsten was indicted for one count of Conspiracy to Commit Robbery Affecting Commerce in violation of 18 U.S.C. § 1951(a), one count of Robbery Affecting Commerce in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii), and 2. (Doc. 2-3 at 1-2.) She was convicted on all three counts. (Doc. 135.) Milsten was sentenced to 41 months' incarceration for Counts 1 and 2 to run concurrently. (Doc. 173.) She was sentenced to 84 months' incarceration for Count 3 to run consecutively. (*Id.*) Milsten served the majority of her sentence in FCI Bryan in Texas but was recently moved to a halfway house in Great Falls, Montana. (Doc. 237 at 2.) She is scheduled

to be released on March 12, 2027. (*Id.*)

## FACTUAL BACKGROUND

On approximately April 23, 2017, Milsten and Gabriel Elijah Kane Arkinson forced their way into the home of a Helena, Montana, methamphetamine dealer, P.L. (Doc. 166 at 2.) Arkinson told P.L.'s girlfriend, "yeah, we're coming in." (*Id.*) They placed the two victims on the couch and demanded any drugs and money in the home. (*Id.*) Milsten searched the residence while Arkinson guarded the two with a sawed-off shotgun. (*Id.*) They took $40, a half gram of methamphetamine, and the girlfriend's cellphone. (*Id.*)

## DISCUSSION

Milsten argues that the incapacitation of her father, coupled with her son's mental health issues, and her mother's advanced age constitute extraordinary and compelling reasons for her compassionate release. (Doc. 237 at 5.) The Government does not oppose Milsten's motion. (Doc. 238.) The Court grants Milsten's motion. (Doc. 237)

### I. Availability of Relief Under 18 U.S.C. § 3582

Milsten has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. Milsten contends that extraordinary and compelling reasons exist for reducing her sentence and that the § 3553(a) factors support such a reduction.

The First Step Act amended the United States Code to "promote rehabilitation

of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). A court may modify a term of imprisonment upon motion of a defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A court must evaluate the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the court considers a reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *see also Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy

Statement”), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. “The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions.” USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant’s sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where “any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons].” USSG § 1B1.13(b)(5). The USSC established the catchall “other reasons” provision to acknowledge that “what circumstances or combination of circumstances are sufficiently extraordinary and

compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 10.

**A. Exhaustion of Remedies**

Milsten appropriately exhausted her administrative remedies before filing their motion for compassionate release. Milsten submitted a request for compassionate release on March 28, 2025 to Tanisha Hall, the warden of FCI Bryan. (Doc. 237-1.) Hall denied Milsten's request on April 4, 2025. (Doc. 45-1 at 3.) Milsten exhausted her administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).

**B. Extraordinary and Compelling Reasons**

Milsten contends that compassionate release proves warranted in this case given her family circumstances. Section 1B1.13(b)(3)(C) of the USSG provides that extraordinary and compelling reasons exist upon "[t]he incapacitation of the defendant's parent when the defendant would be the *only* available caregiver for the parent." (emphasis added). The provision is explained as follows:

> "[T]he amendment adds a new provision for cases in which a defendant's parent is incapacitated and the defendant would be the only available caregiver. Other than the relationships specified in the

> current policy statement, a parent has been the family member most often identified as needing care by courts granting sentence reductions under § 3582(c)(1)(A). *See* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE: THE IMPACT OF THE FIRST STEP ACT AND COVID09 PANDEMIC (2022), AT 32; *SEE ALSO United States v. Bucci,* 409 F.Supp. 3d 1, 2, (D. Mass. 2019) (concluding that there is "no reason to discount" a defendant's caregiving role "simply because the incapacitated family member is a parent and not a spouse," registered partner, or minor child)."

USSG §§ 1B1.13 (*amended*)

Currently, Milsten's mother is the only available caregiver for Milsten's father and son. (Doc. 237 at 8.) This has caused strain on Milsten's mother who is currently 63 years old. (*Id.*) Milsten's father requires significant care. (Doc. 237 at 7.) Milsten's father suffered a leg amputation because of a car accident in 2018. (*Id.*) He also suffers from diabetes, which requires constant and continuous monitoring of his insulin levels and that medicines be properly administered. (*Id.*)

Milsten's son also suffers from several mental health disorders, including PTSD and separation disorder. (*Id.* at 8.) The latter is significantly exacerbated by the absence of Milsten from her son's life. (*Id.*) Milsten's son currently lives at her parents' residence in Helena, Montana, while Milsten is currently incarcerated at a halfway house in Great Falls, Montana. (*Id.*) He recently completed in-patient treatment. (*Id.*) He has acted out at school. (*Id.*) He is not currently able to attend public school and is currently looking for alternative avenues for education. (*Id.*) The Court finds that Milsten's family circumstances constitute extraordinary or

compelling reasons to warrant a reduction of her sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

**C. Section 3553(a) Factors and Danger Posed by the Defendant**

The Court still must determine whether the defendant represents a danger to the safety of others or the community and whether the requested reduction would comport with the § 3553(a) factors. USSG § 1B1.13(a); 18 U.S.C. 3582(c)(1)(A). Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*) Section 3142(g) of Title 18 of the United States Code outlines similar considerations for determining whether someone represents a danger to the safety of others or the community. These factors include the nature and

characteristics of the offense and the history and characteristics of the defendant.

The nature and characteristics of Milsten's offense weigh in favor of reducing her sentence. She was convicted of three serious counts involving the use of a firearm in furtherance of a robbery. (Doc. 135.) Milsten's involvement in the crime was subject to several mitigating factors. (Doc. 237 at 11.) Milsten returned the money and cell phone taken during the robbery and apologized to the victim. (*Id.*) Milsten also acknowledges her role in the robbery, but was not the leader. (*Id.*) Additionally, Milsten was suffering from addiction to methamphetamine at the time of the crimes but has since successfully completed the RDAP program and "dealt with her addiction issues." (*Id.*) Taken together, the factors surrounding the nature and characteristics of her offense weigh in favor of reducing her sentence.

Milsten's history and characteristics also weigh in favor of reducing her sentence. Milsten has completed most of her sentence, and is due to be released in approximately six months' time. (Doc. 237 at 2.) Milsten successfully completed the RDAP program, maintained clear conduct during her sentence, and was employed while incarcerated. (*Id.* at 11.) A reduction in sentence now would not warrant a sentencing disparity with similarly situated people to Milsten, because she has completed the majority of her punishment. Milsten shows that a reduction in sentence proves warranted under the § 3553(a) factors given the nature and

circumstances of the offense.

## CONCLUSION

Milsten has demonstrated that extraordinary and compelling reasons exist for reducing her sentence. A slight reduction of Milsten's sentence at this time would comport with the § 3553(a) factors. The Court finds that Milsten should be released on November 16, 2026, which should allow probation time to develop an early release plan.

## ORDER

Accordingly, **IT IS ORDERED:**

1. Milsten's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 237) is **GRANTED** on November 17, 2026.

DATED this 17th Day of September.



Brian Morris, Chief District Judge
United States District Court